Dear Ms. Mailhes:
Reference is made to your recent request for an Attorney General's opinion regarding a parishwide referendum election requested by Delta Downs Racing Association, Inc. ("Delta Downs"). On behalf of the Police Jury of Calcasieu Parish, you have advised that the Police Jury has been requested by Delta Downs to call an election, in accordance with Act 721 of 1997, which provides for a referendum on the proposition of whether to allow slot machine gaming at certain live horse race tracks, including Delta Downs.
Specifically, the Police Jury is interested in determining whether or not Delta Downs, a video poker licensee, can legally bear the Parish's portion of any costs associated with the holding of such an election, and if so, whether the funding by Delta Downs should be by direct payment or by reimbursement.
All local governing authorities, such as the Calcasieu Parish Police Jury, are mandated by law to reimburse the appropriate authority (Secretary of State, Commissioner of Elections) for all election costs relating to a local proposition or question. LSA-R.S. 18:1400.1 — 1400.5. Additionally, LSA-R.S.18:1400.6 states that "Any local governing authority . . . which receives a request for reimbursement of election costs . . . shall pay such reimbursement promptly". LSA-R.S. 18:1400.6
provides for interest on any unpaid balance and collection by the Attorney General. Therefore, it is our opinion that the legal responsibility for payment of the special proposition election in question is that of the Calcasieu Parish Police Jury. Delta Downs should not, therefore, directly pay any election costs on behalf of Calcasieu Parish. Whether the police jury can obtain reimbursement from another source, such as Delta Downs, after payment of its election expenses, is not addressed by the Election Code.
Our legal research did not reveal any provision of Louisiana law, including the gaming laws of this state, which would prohibit Delta Downs from reimbursing the Police Jury for the election expenses in question once the Police Jury has paid same. However, it is beyond the purview of this office to address issues which arise under the Ethics Code. Therefore, out of an abundance of caution, we are forwarding a copy of your request to the Ethics Commission, in order that the Commission may consider same.
Should you need any further guidance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv